**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

RECEIVED
USDC. CLERK. CHARLESTON.
2009 MAY -6  P 2: 33

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | 4:01-cr-00058-CWH-1 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Frederick Lynn Sellers, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On September 21, 2001, a jury convicted the defendant of conspiring to possess and distribute over 50 grams of crack cocaine, in violation of 21 U.S.C. § 846; three counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); four counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and kidnapping resulting in death, in violation of 18 U.S.C. § 1201.

On April 23, 2002, the District Court sentenced the defendant to life imprisonment on both the kidnapping and drug conspiracy counts. The defendant appealed. On April 11, 2003, the Fourth Circuit Court of Appeals affirmed the defendant's convictions and sentence. United States v. Sellers, 62 Fed. Appx. 499 (4th Cir. 2003) (unpublished per curiam opinion).

On June 27, 2008, the defendant, acting pro se, filed a motion for retroactive application of the amended sentencing guidelines, pursuant to 18 U.S.C. § 3582. (Docket # 60). The defendant does not qualify for a reduction because the guidelines mandated a cross reference to murder. Count 4, the kidnapping charge, was part of the same acts in furtherance of the drug conspiracy and was found to be relevant conduct resulting in cross-referencing at sentencing.

Page 1 of 2

The defendant's motion for a reduced sentence is denied.

**AND IT IS SO ORDERED.**

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May _6_, 2009
Charleston, South Carolina