IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America | ) | No. 4:01-cr-0058-CWH-1 |
|---|---|---|
| vs. | ) | ORDER |
| Frederick Lynn Sellers | ) | |

## I. Introduction

On June 22, 2015, Frederick Lynn Sellers ("Sellers"), a federal inmate previously sentenced by this Court and currently incarcerated at FCI Bennettsville, filed a pro se motion for a reduction of his sentence, relying on Amendment 782 to the U.S. Sentencing Guidelines Manual ("U.S.S.G."), U.S.S.G § 1B1.10, and 18 U.S.C. § 3582(c)(2). (ECF No. 107). For the reasons discussed below, Sellers' motion is denied.

## II. The Jury Verdict

In 2001, a jury convicted Sellers of one count of conspiring to possess and distribute over 50 grams of crack cocaine, in violation of 21 U.S.C. § 846; three counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2; four counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) & 924(a); and one count of kidnapping resulting in death, in violation of 18 U.S.C. § 1201.[1]

---

[1] The government presented evidence at trial to show that Sellers kidnapped Larry Lovie Bristow, shot him in the leg, and later ordered one of his accomplices to shoot Bristow. The accomplice complied, and killed Bristow. United States v. Sellers, 62 F. App'x 499, 501-02 (4th Cir. 2003) (per curiam).



### III. The Pre-Sentence Report

The Probation Department's Pre-Sentence Report ("PSR") stated, with respect to the drug conspiracy count, that U.S.S.G. § 2D1.1(d)(1) provided that if a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111, the Guideline for first-degree murder applied. See PSR ¶ 46 (ECF No. 70). In addition, the PSR stated, with respect to the kidnapping count, that U.S.S.G. § 2A4.1(c) provided that if a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111, the Guideline for first degree murder applied. See PSR ¶ 61. The Guideline for first-degree murder (U.S.S.G. § 2A1.1) established a base offense level of 43; accordingly Sellers' base offense level was 43. According to the Guidelines Sentencing Table, the applicable guidelines sentence for an offense level of 43 is life imprisonment, regardless of the criminal history category.

### IV. Sentencing

The Court sentenced Sellers to life imprisonment on the drug conspiracy count, and to life imprisonment on the kidnapping count. (ECF No. 50 at 2). The Fourth Circuit Court of Appeals affirmed the convictions and sentences. Sellers, 62 F. App'x at 501. The Supreme Court denied Sellers' petition for a writ of certiorari on October 20, 2003. Sellers v. United States, 540 U.S. 928 (2003).

### V. Sellers' Motion

Sellers seeks a sentence reduction pursuant to Amendment 782 to the U.S.S.G., which "reduce[d] by two levels the offense levels assigned to the drug quantities described in U.S.S.G. § 2D.1.1." United States v. Davis, No. 1:97CR00040–002, 2015 WL 3948144, at *1 (W.D. Va.



June 29, 2015).[2] Pursuant to § 3582(c)(2), a court has the discretion to reduce a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements" pertinent to § 3582(c)(2) are set forth in § 1B1.10 of the U.S.S.G. United States v. Stewart, 595 F. 3d 197, 200 (4th Cir. 2010). Policy statement § 1B1.10(a)(2)(B) states that "[a] reduction in the defendant's term of imprisonment is . . . not authorized under 18 U.S.C. § 3582(c)(2) if . . . a[ ] [covered] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Application Notes explain that a reduction is not authorized where a covered amendment "is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, Application Note 1(A).

Sellers' case falls within the § 1B1.10(a)(2)(B) exclusion, making him ineligible for a sentence reduction under § 3582(c)(2). Sellers' guidelines sentences for the drug conspiracy count and the kidnapping count were not determined by the Drug Quantity Table, but were based on the cross-reference to murder. See PSR ¶¶ 46 & 61; United States v. Schuyler, Criminal Case No. ELH-98-259-13, 2013 WL 1707895, at *3 (D. Md. Apr. 19, 2013); United States v. Coleman, CR No. 3:01–506–JFA, 2008 WL 7556394, at *1 (D.S.C. Dec. 15, 2008); cf. United

---

[2] The Drug Quantity Table contained in U.S.S.G. § 2D1.1(c) sets forth the base offense levels corresponding to various quantities of controlled substances.



States v. Sullivan, No. 5:14–cr–7–06, 2015 WL 1524089, at *2 (N.D. Ohio Apr. 3, 2015) (citations omitted) ("When a sentencing range is derived from § 4B1.1 [the career offender provision], and not the amended Drug Quantity Table in § 2D1.1, Amendment 782 is not applicable.").

## VI. Conclusion

In conclusion, Sellers is ineligible for a sentence reduction pursuant to § 3582(c)(2), and his motion (ECF No. 107) is denied.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

July 6, 2015
Charleston, South Carolina