IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED CLERK'S OFFICE
2015 JUL -8 P 2: 28

| | | |
|---|---|---|
| United States of America | ) | Criminal No. 4:01-00058-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Frederick Lynn Sellers | ) | |

## I. Introduction

The defendant, Frederick Lynn Sellers (the "defendant"), has filed two pro se motions, each of which is titled "Motion for Preservation of Rights." The first motion requests "issuance of [a] court order preserving [his] rights bestowed by Congress . . . when it enacted the 'Fair Sentencing Act of 2010 . . . .'" (ECF No. 78). The second motion likewise requests issuance of a court order "for preservation of rights" and invokes DePierre v. United States, 131 S. Ct. 2225 (2011), which held that the definition of "cocaine base" in 18 U.S.C. § 841 was not limited to crack cocaine, but included cocaine in its chemically basic form. (ECF No. 84). The Court finds that the defendant's motions are appropriately construed pursuant to 28 U.S.C. § 2255, and, for the reasons set forth below, dismisses the motions without prejudice for lack of jurisdiction.

## II. Procedural History

Following a jury trial, the defendant was convicted of one count of conspiring to possess and distribute over 50 grams of crack cocaine, in violation of 21 U.S.C. § 846; three counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §



Page 1 of 6

841(a)(1) & 18 U.S.C. § 2; four counts of possession of a firearm by a convicted felon, in

violation of 18 U.S.C. §§ 922(g) & 924(a); and one count of kidnapping resulting in death, in

violation of 18 U.S.C. § 1201.

On April 23, 2002, the Court sentenced the defendant to life imprisonment on both the

kidnapping and drug conspiracy counts.  The defendant appealed, and the Fourth Circuit Court

of Appeals affirmed the conviction and sentence.  United States v. Sellers, 62 F. App'x 499,

501 (4th Cir. 2003) (per curiam).  The Supreme Court denied the defendant's petition for a

writ of certiorari on October 6, 2003.  Sellers v. United States, 540 U.S. 928 (2003).

On or about October 15, 2004, the defendant commenced a pro se action attacking his

convictions and sentences pursuant to 28 U.S.C. § 2255.[1]  Sellers v. United States, Case No.

4:04-cv-22627-CWH.  The government moved for summary judgment, and the defendant

filed a reply.  On July 6, 2005, the Court granted summary judgment to the government and

dismissed the defendant's § 2255 petition.  The defendant appealed and moved for a

certificate of appealability.  On April 3, 2006, the Fourth Circuit Court of Appeals denied his

motion for a certificate of appealability and dismissed the appeal.  United States v. Sellers,

173 F. App'x 296, 297 (4th Cir. 2006) (per curiam).  The defendant's petition for rehearing

and rehearing en banc was denied on July 25, 2006.  The defendant's motions for

"Preservation of Rights" followed.

---

[1]  The envelope that contained the defendant's petition was not made a part of the file.
Therefore, the date he delivered his petition to prison authorities is not known.  See Houston
v. Lack, 487 U.S. 266, 275 (1988).  The petition was filed with the Court on October 15,
2014.



### III. The Pro Se Complaint

The Court is required to construe pro se complaints and petitions liberally. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (noting that pro se documents are to be liberally construed); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980) (per curiam) (noting that allegations in prisoner complaints are held to less stringent standards than those prepared by lawyers). However, the requirement of liberal construction does not mean that the Court may ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in the federal district court. <u>See</u> <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

### IV. Discussion

#### A. The Court's interpretation of the motions

The defendant appears to allege that the Fair Sentencing Act of 2010 (the "Fair Sentencing Act") and <u>DePierre</u> support a reduction in his sentence, although the motions do not specifically request that the Court reduce his sentence. However, in his first motion, the defendant contends that he is entitled to the benefits of the Fair Sentencing Act, which reduced the 100-to-1 ratio for crack cocaine offenses to an 18-to-1 ratio, and asks for



"issuance of [a] court order preserving [his] rights bestowed by Congress . . . when it enacted the 'Fair Sentencing Act of 2010 . . . .'" (ECF No. 78).

In his second motion, the defendant argues that the holding in DePierre created a new substantive rule that affects his sentence. (ECF No. 84). He states that he is "fil[ing] with this court . . . this motion for preservation of rights", but he does not articulate how DePierre supports his motion or what rights he is attempting to preserve. (Id.). However, construing these pleadings liberally, as this Court must do, it appears that the defendant is arguing that the Fair Sentencing Act and DePierre support a reduction in one or more of his sentences.

### B. The defendant's motions are successive § 2255 petitions

The defendant's Fair Sentencing Act and DePierre-based claims are attacks on the underlying validity of his sentences, not on the manner of their execution. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) ("attacks on the execution of a sentence are properly raised in a § 2241 petition."). Claims that challenge the underlying validity of a federal sentence are appropriately raised by federal prisoners under § 2255. Id. at 1194. As noted, the defendant has titled each of his motions as "Motion for Preservation of Rights." However, the defendant's requests for relief indicate that these motions are, in fact, petitions seeking relief under § 2255. The subject matter of a motion, not the caption assigned to it by a pro se litigant, determines its classification by a court. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). As the procedural history recited above makes clear, the defendant has already filed one § 2255 petition, which was adjudicated on the merits. His instant motions seek to challenge the same convictions and sentences that already have been



adjudicated. Therefore, the present petitions are successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) (to qualify as a successive petition, the prior petition must have been adjudicated on the merits).

### C. The Court lacks jurisdiction to hear the defendant's successive § 2255 petitions

Pursuant to § 2255, a second or successive motion must be certified as provided in 28 U.S.C. § 2244. 28 U.S.C. § 2255(h). Section 2244, in pertinent part, states that before a successive application may be filed in the district court, the applicant must file a motion with the Fourth Circuit Court of Appeals "for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(3)(A). Absent pre-filing authorization, a district court lacks jurisdiction to consider the claims. Winestock, 340 F.3d at 205. As the defendant has already pursued an unsuccessful § 2255 motion in this Court, he may not file a successive § 2255 motion unless he first obtains an order from the Fourth Circuit Court of Appeals authorizing this Court to consider the successive § 2255 motion. There is no evidence that the defendant has obtained such permission. Because the defendant has failed to obtain pre-filing authorization from the Fourth Circuit before he filed his successive § 2255 petitions, this Court lacks jurisdiction to adjudicate the pending motions (ECF Nos. 78 & 84), and they must be dismissed on that basis.

## V. Conclusion

Although each of the defendant's motions is captioned as a "Motion for Preservation of Rights," it appears to the Court that the defendant's motions were filed in an attempt to challenge his convictions and sentences. This Court's construction of the present motions



discloses that, regardless of their titles, they are, in fact, § 2255 petitions. As the motions are unauthorized successive § 2255 petitions, they are subject to summary dismissal. Therefore, the defendant's motions (ECF Nos. 78 & 84) are dismissed without prejudice for lack of jurisdiction.

It is further ordered that a certificate of appealability is denied because the defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

July _8_, 2015
Charleston, South Carolina

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citing Slack, 529 U.S. at 484); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (citation omitted). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

