# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Frederick Lynn Sellers,　　　　　） | |
| 　　　　　　　　　　　　　　　　） | Case No. 4:01-cr-00058-RBH-1 |
| 　　　　　Petitioner,　　　　　　） | |
| 　　　　　　　　　　　　　　　　） | |
| 　　vs.　　　　　　　　　　　　） | **ORDER** |
| 　　　　　　　　　　　　　　　　） | |
| United States of America,　　　　） | |
| 　　　　　　　　　　　　　　　　） | |
| 　　　　　Respondent.　　　　　） | |
| _____) | |

This matter is before the Court on the motion of Frederick Lynn Sellers (the "petitioner") for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1). (ECF No. 129). For the reasons set forth in this Order, the Court finds that the petitioner's motion is appropriately construed pursuant to 28 U.S.C. § 2255, and the petitioner's motion is dismissed for lack of jurisdiction.

## I.  BACKGROUND

In 2001, the petitioner was charged in a ten-count indictment. (ECF No. 7). Following a jury trial, the petitioner was convicted of nine counts: one count of conspiring to possess and distribute over fifty grams of crack cocaine, in violation of 21 U.S.C. § 846; three counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; four counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a); and one count of kidnapping resulting in death, in violation of 18 U.S.C. § 1201. (ECF No. 50). In 2002, the Court sentenced the petitioner to a term of life imprisonment. (Id.). The petitioner appealed his conviction and sentence, which the Fourth Circuit Court of Appeals affirmed on April 11, 2003. United States v. Sellers, 62 F. App'x 499, 501 (4th Cir. 2003) (per curiam).

In October 2004, the petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Case No. 4:04-cv-22627-CWH, ECF No. 1). The government filed a response in opposition and motion for summary judgment (id., ECF No. 9), and the petitioner filed a reply and response in opposition to the motion for summary judgment, (id., ECF No. 14). After analyzing the petitioner's eight grounds for relief, the Court granted summary judgment to the government, dismissing the petitioner's motion. (Id., ECF No. 21). On appeal, the Fourth Circuit affirmed summary judgment and denied the petitioner's motion for a certificate of appealability. United States v. Sellers, 173 F. App'x 296, 297 (4th Cir. 2006) (per curiam).

Subsequently in December 2007, the petitioner filed a motion captioned as a petition for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Criminal Procedure. (Case No. 4:04-cv-22627-CWH, ECF No. 32). Construing the motion under § 2255, the Court dismissed the motion for lack of jurisdiction because the Fourth Circuit did not authorize the petitioner to file a successive § 2255 motion. (Id., ECF No. 58). On appeal, the Fourth Circuit dismissed the petitioner's appeal and, construing the petitioner's notice of appeal as an application to file a successive § 2255 motion, denied authorization to file a successive § 2255 motion. United States v. Sellers, 440 F. App'x 190, 190-91 (4th Cir. 2011) (per curiam).

In June 2014, the petitioner filed another successive motion under § 2255 without receiving authorization from the Fourth Circuit. (ECF No. 87). Accordingly, the Court dismissed the motion for lack of jurisdiction. (ECF No. 124).

On or about November 28, 2016, the petitioner filed the instant motion pro se, seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1).[1] The government filed a response in opposition (ECF No. 133), and the petitioner filed a reply thereto. (ECF No. 134).

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

## II. STANDARD OF REVIEW

The Court is charged with liberally construing pro se complaints and petitions, which are held to a less stringent standard than those drafted by attorneys, in order to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (per curiam) (citations omitted). Liberal construction, however, does not mean that the Court may ignore a clear failure in the pleadings to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

## III. DISCUSSION

The petitioner's motion at issue seeks to challenge the validity of his sentence, contending that "[t]he extraordinary and compelling circumstances surrounding this case[] should move this Honorable court to reverse and remand for sentencing[] as to count one without the cross reference for murder pursuant to [§ 2A1.1 of the Federal Sentencing Guidelines][.]" (Mot. for Modification of Imposed Term of Imprisonment 11, ECF No. 129).

A motion under 28 U.S.C. § 2255 is the required mechanism to bring a collateral attack challenging the validity of a sentence imposed by a federal court. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc) (citations omitted). Although the petitioner captioned his motion as a "motion for modification of imposed term of imprisonment pursuant to § 3582(C)(i)[,]" the subject matter of a motion, not the caption assigned to it by a pro se litigant, determines its classification by the Court. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citations omitted). The subject matter of the motion indicates that the petitioner seeks to challenge the validity of his sentence; accordingly, § 2255 is the only relevant statute as to his motion.

As stated above, the petitioner has already filed one § 2255 motion in 2004, which was adjudicated on the merits and affirmed on appeal, as well as unauthorized successive § 2255 motions in 2007 and 2014, which were subsequently dismissed. His current motion seeks to challenge the same conviction and sentence that have already been adjudicated; accordingly, it is successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) (holding that to qualify as a successive petition, the prior petition must have been adjudicated on the merits).

A second or successive motion must be certified as provided in 28 U.S.C. § 2244. 28 U.S.C. § 2255(h). Section 2244, in pertinent part, states that before a successive application may be filed in the district court, the applicant must file a motion with the Fourth Circuit "for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive motion. Winestock, 340 F.3d at 205 (citation omitted). Because the petitioner has not received such authorization from the Fourth Circuit, the Court lacks jurisdiction to consider the petitioner's successive § 2255 motion.

### IV.  CONCLUSION

For the foregoing reasons, the petitioner's motion (ECF No. 129) is dismissed for lack of jurisdiction.

**AND IT IS SO ORDERED.**

| | |
|---|---|
| August 7, 2017 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | United States District Judge |