IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CR. No. 4:01-cr-00058-TMC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Frederick Lynn Sellers, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant Frederick Lynn Sellers' ("Sellers") motion for a sentence reduction. (ECF No. 196). For the reasons set forth herein, the motion is DENIED.

##  I.      BACKGROUND

On April 19, 2001, Sellers was charged in a ten-count Superseding Indictment.  (ECF No. 15).  On September 21, 2001, following a four-day jury trial, Sellers was convicted of Counts One though Four and Counts Six through Ten.[1] (ECF No. 40).  Specifically, Sellers was convicted of one count of conspiracy to possess with intent to distribute and to distribute over 50 grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1), 846 ("Count One"); three counts of possession with intent to distribute ("PWID") crack in violation of 21 U.S.C. § 841(a)(1) ("Counts Two through Four"); four counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Counts Six through Nine"); and one count of kidnapping resulting in death in violation of 18 U.S.C. § 1201 ("Count Ten").  (ECF No. 15).   As a result of his convictions,

---

[1]      Count Five was dismissed during the trial on the Government's motion.  *See* (ECF No. 38).

1

Defendant faced a minimum sentence of 10 years and a maximum sentence of life imprisonment as to Count One, a sentence of up to 20 years as to Counts Two through Four, a sentence of up to 10 years as to Counts Six through Nine, and a mandatory sentence of life imprisonment as to Count Ten. (ECF No. 156-1).  On April 23, 2002, the Honorable Judge C. W. Houck sentenced Sellers to life imprisonment as to Count One, life imprisonment as to Count Ten, 20 years as to each of Counts Two through Four, and 10 years as to each of Counts Six through Nine, with all sentences to run concurrently. (ECF No. 50).  If Sellers is released, his terms of imprisonment are to be followed by 5 years of supervised release, and Judge Houck imposed a $900 special assessment fee. *Id*.  The judgment was entered on May 6, 2002. (ECF Nos. 49, 50).

Sellers filed a direct appeal challenging his sentence, (ECF No. 51), and the Fourth Circuit Court of Appeals affirmed the judgment of the district court, (ECF No. 56).  Over time, Sellers unsuccessfully sought relief under 28 U.S.C. § 2255, Amendment 782 to the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines"), and the so-called "Holloway Doctrine."  (ECF Nos. 87, 107, 113, 122, 124, 129, 137, 139, 141, 147, 149).  In 2019, Sellers sought relief under the First Step Act of 2018 ("FSA").  (ECF No. 151). Specifically, Sellers claimed in his FSA motion (and related filings) he was entitled to relief because pursuant to the FSA, his overall sentence would not be life imprisonment. (ECF Nos. 151 at 1, 160 at 1). On April 25, 2019, the Honorable R. Bryan Harwell denied FSA relief on two independent bases—first, because Sellers was ineligible for a sentence reduction under the FSA and, alternatively, because even if Sellers was eligible, a sentence reduction was not warranted given Sellers' life sentence was "based on his non-drug conviction for kidnapping resulting in death." (ECF No. 162). Sellers filed a motion for reconsideration of the denial of FSA relief and simultaneously filed a notice of appeal. (ECF Nos. 164, 165). While the appeal was pending, Judge Harwell denied Sellers' motion

for reconsideration. (ECF No. 170). On August 26, 2019, the Fourth Circuit affirmed the denial of FSA relief. (ECF No. 174). The Fourth Circuit did not address whether Sellers was eligible for a sentence reduction under the FSA. (*Id*. at p. 2 n. 2). Instead, the court affirmed the alternative holding, concluding Judge Harwell "did not reversibly err in declining to reduce Sellers' sentence as an exercise of discretion because the sentence was based on his conviction for kidnapping resulting in death." (*Id*. at p. 2).

Sellers then filed a motion for reconsideration, (ECF No. 178), and another motion to reduce sentence, (ECF No. 183), arguing that because Count One was a covered offense under the FSA, § 404(b)[2] of the FSA authorizes the court to resentence him on his non-covered offenses, in particular Count Ten, the kidnapping resulting in death offense. Judge Harwell denied those motions, finding (1) §404(b) did not authorize the court to resentence Sellers on his non-covered offenses, and (2) in the alternative, even if the court had discretion under the FSA to reduce Sellers' life sentence on Count Ten, it would decline to do so based on the §3553(a) factors. (ECF No. 193).

Now before the court is Sellers' *pro se* motion to reduce his sentence. (ECF No. 196). Sellers brings this motion pursuant to "18 U.S.C. § 3582(c)(1)(A)(i), or the alternative section 404(b), of the [FSA]." *Id*. The Government responded, (ECF No. 207), and Sellers replied, (ECF No. 212). The Government filed a sur-reply, (ECF No. 214), to which Sellers also responded, (ECF No. 215).[3] Sellers also submitted character references from family members and fellow

---

[2] Pub. L. 115–391, § 404(b), 132 Stat. 5194.

[3] Notably, the undersigned judge has a standing order forbidding the filing of sur-replies absent a showing of good cause and leave of the court. District of South Carolina, Chief Judge Cain Standing Order Sur Replies, (Nov. 5, 2020), https://www.scd.uscourts.gov/Forms/Special_Instructions/Cain_Standing_Order_Sur-Replies.pdf. However, this case was not reassigned to the undersigned judge after the filing of these documents, (ECF No. 223), and for that reason, the court will consider the sur-replies.

inmates, (ECF Nos. 196-7, 216), information about the certifications he has obtained while incarcerated, (ECF Nos. 196-6, 220), and a letter including a "Summary Reentry Plan – Progress Report" ("the Progress Report") that is dated August 5, 2024, (ECF No. 223). The court finds that no hearing is necessary, and the motion is ripe for review. For the reasons set forth herein, the court denies Sellers' motion.

## II.     LEGAL STANDARD

A court may modify a term of imprisonment only under three specific and limited circumstances: (1) when permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); (2) when the imposed "term of imprisonment [is] based on a sentencing range that has been subsequently lowered by the Sentencing Commission[,]" 18 U.S.C. § 3582(c)(2); or (3) upon motion of the Director of the Bureau of Prisons ("BOP") or upon motion from the defendant in special circumstances if the court "finds that . . . extraordinary and compelling reasons warrant such a reduction . . . or . . . the defendant is at least 70 years of age and has served at least 30 years in prison[,]" 18 U.S.C. § 3582(c)(1)(A).

## III.     DISCUSSION

The court gleans the following arguments from Sellers' motion related to Count Ten: (1) at the time of his conviction and sentencing he should have been sentenced to twenty years, not life imprisonment; (2) the disparity between his current life sentence for Count Ten and the twenty year sentence he contends he would be subjected to today constitutes extraordinary and compelling circumstances for sentence reduction under §3582(c)(1)(A); (3) because Count One was a covered offense under the FSA, the court can resentence him on Count Ten; and (4) the § 3553(a) factors weigh in favor of a sentence reduction.

### A.  At the Time of Conviction and Sentencing

Sellers argues that "[u]nder the statute in effect at the time of conviction and sentencing" he "was only subjected to a statutory maximum of (20) years, which became his 'applicable guideline range' by operation of law." (ECF No. 196 at 8). Sellers bases this assertion on his contention that he was only charged with §1201 and the "omission of the essential jurisdictional subsection . . . makes it apparent that the only available sentence for Sellers' (sic) is found in 18 U.S.C. §1201(d)" which provides a punishment of imprisonment for not more than twenty years for a violation of § 1201(a). (ECF No. 196 at 9).

The Government responded to Sellers' motion, arguing Sellers should have made such an argument on direct appeal under 18 U.S.C. § 3742, during his sentencing hearing, or in a motion pursuant to 28 U.S.C. §2255. (ECF No. 207 at 6). The Government contends *United States v. Ferguson*, 55 F.4th 262 (4th Cir. 2022) forecloses this argument. In *Ferguson*, the Fourth Circuit found "[b]ecause § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release to sidestep §2255's requirements." *Ferguson*, 55 F.4th at 270. The court went on to note "[t]he fact that [a defendant] may be procedurally barred from raising his arguments in a § 2255 petition does not qualify as an 'extraordinary and compelling reason[]'" for compassionate release." *Id.* at 271.

This court agrees that to the extent Sellers contends that at the time of his sentencing he should not have been sentenced to more than a maximum of twenty years for Count Ten, such an argument cannot be brought in a compassionate release motion. *See id.* at 270 ("Because § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release to sidestep §2255's requirements.")

**B. Disparity Between the Sentence Imposed and the Sentence He Would Face Today**

Sellers contends the disparity between the sentence he received and the sentence he would face today is an extraordinary and compelling reason to grant relief under §3582(c)(1)(A). (ECF No. 196 at 9).

A defendant may only file his own motion for compassionate release after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A). Sellers has exhausted his administrative remedies. *See* (ECF No. 196-4).

Additionally, if a court finds extraordinary and compelling reasons warrant a sentence reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," then the court must consider the § 3553(a) factors in deciding whether to grant such reduction. *Id*. In 2023, the Sentencing Commission revised the pertinent policy statement to include applicability to *pro se* motions filed by defendants for relief pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13. This policy statement indicates in relevant part that the court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) after reviewing the § 3553(a) factors if the court determines that "(1)(A) extraordinary and compelling reasons warrant the reduction. . . "; "(2) [t]he defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)"; and "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a). The policy statement lists several circumstances that alone or in combination would support a finding of extraordinary and compelling reasons that could warrant a reduction. U.S.S.G. § 1B1.13(b)(1–6). These include various medical circumstances of the defendant, age of the defendant, family circumstances of the defendant,

6

whether the defendant was the victim of abuse while incarcerated, service of an "unusually long sentence" under certain limited circumstances, and "other reasons." *Id.*

"Absent the Sentencing Commission's guidance, a district court faced with a compassionate release motion may consider the disparity between the defendant's sentence and what he would receive today due to changes in the sentencing law." *United States v. Moody*, 115 F.4th 304, 311 (4th Cir. 2024). The policy statement provides that "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered" in determining if defendant has raised a compelling and extraordinary reason, but "only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6). The policy statement also provides that "except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." 1B1.13(c).

Sellers has not shown an extraordinary and compelling circumstance based on a change in the law that caused a disparity between the sentence being served and the sentence likely to be imposed today. Sellers argues he "has been sentenced to life imprisonment. When it is clear that if he was sentenced today he would only receive[] (20) years. Which means Sellers['] sentence

7

exceeds the statutory maximum, and is invalid under current law." (ECF No. 196 at 9). He appears to argue that after *Alleyne v. United States*, 570 U.S. 99 (2013) the jury would have had to specifically find any facts that would increase his sentence, and since he was not charged with a jurisdictional subsection, the punishment in §1201(d) should apply. (ECF No. 196 at 8–9; ECF No. 212 at 9); *see Alleyne*, 570 U.S. at 103 (finding "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

> Count Ten of the Superseding Indictment charged Sellers as follows:
>
> That on or about December 30, 1998 in the District of South Carolina and elsewhere, the defendants, FREDERICK LYNN SELLERS, did unlawfully, knowingly and willfully kidnap, abduct, and carry away Larry Lovie Bristow, did hold him in order to force him to help purchase cocaine base, also known as crack cocaine, and did willfully transport him in interstate commerce from North Carolina to Dillon County, South Carolina, said kidnapping resulting in the death of Larry Lovie Bristow; In violation of Title 18, United States Code, Section 1201.

(ECF No. 15 at 10).

Section 1201(d), which Sellers contends contains the punishment he would receive today, applies to convictions for *attempted* kidnapping. *See* 18 U.S.C. 1201(d) (providing "[w]hoever *attempts* to violate subsection (a) shall be punished by imprisonment for not more than twenty years." )(emphasis added). In 2002, at the time of Sellers' sentencing, § 1201(a) provided as follows:

> Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . . when - - the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary if the person was alive when the transportation began; . . . shall be punished by imprisonment for any term of years or for life and, if the death of any person results, *shall be punished by death or life imprisonment*.

18 U.S.C. § 1201(a)(1)(2000)(emphasis added).[4]

Initially, the court notes even though the superseding indictment did not contain a subsection of § 1201, it is clear from the superseding indictment and the subsequent record that Sellers was indicted for and convicted of kidnapping resulting in death pursuant to § 1201(a)(1), not attempted kidnapping pursuant to § 1201(d). *See United States v. Sellers*, 62 Fed. App'x 499, 500 (4th Cir. 2003) (noting Sellers was convicted of "kidnapping resulting in death, in violation of 18 U.S.C. §1201."); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all elements necessary to constitute the offense intended to be punished.") (internal citation and quotations omitted). Thus, contrary to Sellers' assertions, *Alleyne* would not result Sellers being subjected to a twenty-year maximum sentence under § 1201(d) today.

To the extent Sellers is arguing that pursuant to *Alleyne* the portion of § 1201(a)(1) which allows for "imprisonment for any term of years or for life" should apply because the jury did not specifically find death resulted to trigger the mandatory punishment of "death or life imprisonment", this court disagrees because Sellers has not met his burden. *See United States v. Melvin*, No. 23-6011, 2023 WL 5974872, at *2 (4th Cir. Sept. 14, 2023)("The defendant seeking compassionate release bears the burden of showing that extraordinary and compelling reasons warrant a sentence reduction.") (citing *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021)). Sellers has not provided the court with a

---

[4] This version of the statute was effective from October 30, 1998, until April 29, 2003, but the court notes the subsequent amendments to § 1201 would not result in a different sentence for Sellers. The current version of the statute became effective on July 27, 2006.

copy of the verdict form, and the verdict form is not available on the docket.  However, the

court notes that in the jury instructions during Sellers' trial, Judge Houck explained,

> the fourth and final *essential element* is that the kidnapping resulted in the death of Larry Lovie Bristow.  Now, to establish that element, death, the government *must prove beyond a reasonable doubt*, first of all, that while he was kidnapped, the victim, Larry Lovie Bristow was killed; second, that the Defendant knowingly and willfully and deliberately did the killing, or aided and abetted in the same."[5]

 (ECF No. 58-1 at 1)(emphasis added).  The jury was clearly aware that to find Sellers

guilty of Count Ten as indicted, they had to find Bristow's death resulted from the

kidnapping.  The jury found Sellers guilty of that count.  Thus, *Alleyne* did not serve as a

change in the law that would create a disparity in sentencing today because Sellers would

still be subject to a mandatory life sentence for kidnapping resulting in death pursuant to §

1201(a)(1).[6]

In any event, notwithstanding Sellers' conviction as to Count 10 and the mandatory

life sentence exposure under such count, the court notes that Sellers faced a guideline

sentence of life as to the conspiracy charge in Count One as a result of the application of

the murder cross-reference under the Sentencing Guidelines, found in U.S.S.G. §

2D1.1(d)(1). The court applied this cross-reference at sentencing, and the Fourth Circuit

affirmed such application on appeal. *United States v. Sellers*, 62 Fed. App'x 499, 504–05

---

[5] The jury instructions went on to define aiding and abetting.  (ECF No. 58-1 at 1–3).

[6] Furthermore, the court notes that this is not the first time Sellers has raised this same argument before the court. In 2017, Sellers raised this same argument under *Allyene* as the basis for his challenge to his sentence under a successive § 2255 motion. (ECF No. 87). The court dismissed that motion for lack of jurisdiction and specifically warned Sellers that he could not file a second or successive challenge to his sentence without first filing for authorization from the United States Court of Appeals. (ECF No. 124 at 3). However, the court also notes that *Alleyene* does not apply retroactively on collateral review. *United States v. Cornette*, 932 F.3d 204, 210 (4th Cir. 2019) (noting that though *Alleyne* "created a new prospective procedural right within the context of sentencing[,]" the "Supreme Court did not make *Alleyne* retroactive").

(4th Cir. 2003) (stating that "Sellers' actions in murdering Bristow, which were inextricably linked to the drug conspiracy" was in furtherance of the drug conspiracy, and, therefore, the "district court properly enhanced the drug conspiracy conviction based upon the murder of Bristow."). Because of the application of this cross reference, Sellers' Total Offense Level was a 43, which results in a resulting guideline of a life sentence regardless of his criminal history category. The current version of the Guidelines is no different, and with a Total Offense Level of 43, Sellers would still face a guideline sentence of life if sentenced today as to Count One.

Based on the foregoing, Sellers has not established any disparity in sentence that would constitute an extraordinary and compelling circumstance under § 3582(c)(1)(A).[7]

## C.  Section 404(b) Argument

In addition to his §3582(c)(1)(A) argument, Sellers also contends that the court has already held he is eligible for a sentence reduction under 404(b), "[s]o the question here is . . . Whether in calculating the modification of sentenced, if the court can reduce count ten[.]"  (ECF No. 196 at 5).  Judge Harwell previously found "Defendant's conspiracy offense is a covered offense under the FSA[,]."  (ECF No. 193). However, he declined to resentence on Count One noting "[i]n its earlier order, this court declined to reduce any of Defendant's sentences given Defendant's mandatory life sentence on the kidnapping resulting in death count . . . [and] [t]he Fourth Circuit affirmed this decision." *Id*.; (*see* ECF Nos. 162 & 174); *see also United States v. Sellers*, 776 Fed.

---

[7]  Sellers also appears to contend his rehabilitation is an extraordinary and compelling circumstance. (ECF No. 196 at 10). However, § 1B1.13(d) provides "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."  The "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id*.

11

Appx. 243 (4th Cir. 2019). The kidnapping resulting in death count is not a covered offense under the FSA, and Sellers' contention that the court should resentence pursuant to § 404(b) is based on his previously addressed argument that today he would not be subject to life imprisonment on Count Ten. However, because this court found life imprisonment is still the applicable sentence for Count Ten, Sellers' argument fails. Thus, this court declines to resentence on Count One given Sellers' life sentence on the kidnapping resulting in death count for the same reasons Judge Harwell previously declined to do so. (*See* ECF Nos. 162, 174, & 193).

### D. Sentencing Factors in 18 U.S.C. § 3553(a)

Even if the court determined that Sellers had met the thresholds for eligibility under any of the avenues of relief addressed herein, the court finds that a sentence reduction is not warranted after considering the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(2) (requiring consideration of the § 3553(a) factors to the extent they are applicable); 18 U.S.C. § 3582(c)(1)(A) (requiring same consideration); First Step Act of 2018 § 404(a) (indicating whether to grant reduction under the Act is discretionary); *United States v. Swain*, 49 F.4th 398, 403 (4th Cir. 2022) (indicating that courts must consider § 3553(a) factors as to First Step Act claims and such decisions are subject to substantive reasonableness review).

Here, the court has specifically reviewed and considered all of the relevant § 3553(a) factors including the pertinent policy statement, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for any sentence imposed to reflect the seriousness of the offense, the need for any sentence imposed to promote respect for the law, the need for any sentence imposed to provide just punishment and promote adequate deterrence to future criminal conduct, and the need for any sentence to protect the public from future crimes of

the defendant.  Having considered these factors, the court finds that such factors do not support a sentence reduction in this case as to any of the addressed avenues for relief.

The undersigned did not preside over Sellers' trial or his sentencing, but the undersigned has reviewed the record.[8]  As to the nature and circumstances of the offense, Sellers' conduct was serious, violent, and in complete disregard for human life.  Sellers sold substantial quantities of crack over a six-year period with his brother and his cousin, and he unlawfully possessed a firearm on multiple occasions.  *See United States v. Sellers*, 62 Fed. App'x 499, 501 (4th Cir. 2003).  On December 30, 1998, Sellers, his cousin, and his girlfriend, Keisha Hamilton ("Hamilton") drove to North Carolina.  *Id*.  On the way, Sellers threatened to kill Hamilton.  *Id*.  While in North Carolina, Sellers formulated a plan to rob a drug dealer. *Id*.  After Bristow approached the car and indicated he knew where to find drugs, Bristow was ordered into the car. *Id*.   After the search for drugs was unsuccessful, Sellers told Bristow to get out of the car, and when he refused to do so, Sellers shot Bristow in the leg and proceeded to drive back to South Carolina. *Id*. at 502.  The PSR indicates that after shooting Bristow, Sellers threatened to kill Bristow if he bled in the car. (ECF No. 70 at 8). Once in South Carolina, Sellers stopped the car, pulled Bristow outside, and "severely beat him behind the car." *Id.*  He then handed Hamilton a gun and instructed her to shoot Bristow, which she did.[9] *Sellers*, 62 Fed. App'x 499, 501.  The government has a legitimate and compelling interest in preventing such crimes and providing just punishment to perpetrators.

---

[8] Prior to sentencing, the United States Probation Office ("USPO") drafted a Presentence Investigation Report ("PSR") detailing the facts of the case, the application of the Guideline Manual to the convictions, Sellers' criminal history, the history and characteristics of Sellers (at the time of the Report), and Sellers' sentencing exposure. This document was not filed on the public docket at that time. However, the original PSR was filed later. (ECF No. 70).

[9] The PSR indicates that Sellers pulled the trigger. (ECF No. 156-1 at 8). However, the recitation of the facts at the appellate level indicate that Sellers instructed Hamilton to pull the trigger. *Sellers*,

As to the need for any sentence imposed to reflect the seriousness of the offense, the need for any sentence imposed to provide just punishment and promote adequate deterrence to future criminal conduct, and the need to promote respect for the law, the court notes that Sellers dealt substantial quantities of crack over a six-year period, was involved in a kidnapping that resulted in the loss of a life, and was convicted under § 922(g)(1) of two counts related to incidents in which he shot two other individuals on separate occasions. (ECF No. 70 at 6–8). Sellers' 2001 convictions were not his first. Sellers had prior convictions for possession of crack, assault and battery, disorderly conduct, and criminal domestic violence. *Id*. at 12–13. Sellers' conduct shows a disregard for the safety of others, a persistent engagement in violent and dangerous criminal activities, a continued lack of respect for the law, and necessity of deterrence of future criminal conduct. Additionally, the kidnapping resulting in death necessitates a sentence that adequately considers the seriousness of that conduct.

As to Sellers' history and characteristics, the aforementioned considerations are relevant. Sellers was twenty-four years old at the time of Bristow's death, and he is fifty years old today. *Id*. at pp. 3, 8. Sellers has never been married, he fathered five children from two separate relationships, and he has grandchildren. (ECF Nos. 70 at 19; 180 at 2). His Summary Reentry Plan-Progress Report ("Progress Report"), dated August 5, 2024, indicates Sellers has no medical restrictions and Psychology Staff have not expressed mental health concerns. (ECF No. 223-1 at 5). Letters from family members filed with the current motion and a previous motion in 2020 indicate his family is supportive of his release. ECF Nos. 180–182, 196-7. Sellers contends that if he were to be released, he would live with his father and he has two jobs lined up—one with his

---

62 Fed. App'x 499, 501. In any event, at the very least, the facts support that Sellers directed the killing of Bristow.

brother in an auto shop and one with his nephew in lawn care. (ECF No. 216 at 1–2). Thus, it appears he has some degree of familial support and ties to the community.

Sellers attended school until the eleventh grade, and before his incarceration he had a limited job history. (ECF No. 70 at 19–20). However, while incarcerated, Sellers has earned his GED, completed many educational courses and certifications, "maintained steady work assignments," and taught courses to other inmates. *See* (ECF No. 223-1). The Progress Report indicates Sellers has a low recidivism risk level and is "seen in a positive light to inmates and staff." *Id*. at 5. Sellers provided numerous letters from fellow inmates attesting to his good character and his serving as a mentor while incarcerated. (ECF Nos. 196-7 & 216-1). Furthermore, Sellers' provided a copy of his disciplinary report from the BOP, which shows no infractions while incarcerated. (ECF No. 212-1 at 2). The court commends Sellers for his impressive post-sentence conduct.

However, notwithstanding these positive changes while incarcerated, the court has a duty to protect the public. As to the need for any sentence to protect the public from future crimes of the defendant and to protect the public, the Government has a legitimate and important interest in protecting the public from violent crime. Here, Sellers threatened to kill Hamilton, formulated a plan to rob a drug dealer, ordered Bristow into the car, shot Bristow in the leg, gave Hamilton a gun, and instructed Hamilton to kill Bristow. *See* (ECF No. 56 at 2). Such violence was not an isolated incidence. Two of Sellers' convictions in this case under § 922(g)(1) were related to instances in which he shot other individuals. *See Sellers*, 62 Fed. Appx. at 501; (see also ECF No. 70 at 7–8). Reportedly, as related to Count Seven, Sellers accused an individual of stealing his drugs, struck the person in the mouth with a bottle, and then pulled out a gun and shot four times – ultimately striking the individual in the back once. (ECF No. 156-1 at 7). As to Count 9, Sellers

15

and a separate individual were involved in an altercation during which Sellers shot the person in the abdomen with a revolver. *Id.* at 8. Furthermore, one of Sellers' § 922(g)(1) convictions in this case stems from him firing gunshots inside a nightclub. *Id.* at 7.

Additionally, Sellers' substantial criminal history includes references to violent conduct over the course of his adult life. See (ECF No. 156-1 at 12 – 17). Sellers has a prior conviction for criminal domestic violence, wherein the facts demonstrate that he struck the pregnant mother of his children. *Id.* at 13. He also has a prior conviction for assault and battery, wherein the facts demonstrate that he struck an individual with a fist. *Id.* Remarkably, the PSR provides a litany of instances in which Sellers was arrested for aggressive or violent conduct, but the charges were either dismissed or *nolle prossed*. *Id.* at 13–17. These charges included ones for stomping someone's face, slapping an individual prior to pulling a gun on her, hitting an individual with a crowbar, hitting an individual with a pistol, hitting an individual with a metal fan and then firing a gun over her head, shooting a gun at an individual three times, grabbing his girlfriend around the throat and dragging her across the yard, striking a woman across the face and choking her, firing a gun at an individual and threatening him, knocking down someone's door and threating to kill her, and grabbing and choking an individual. *Id.* This extensive history of violent acts, which appears to have escalated over the years leading up to the murder involved in this case, indicate to the court that a substantial sentence is necessary to protect the public.

As for the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, the mandatory punishment for kidnapping resulting in death is "death or life imprisonment." *See* 18 U.S.C. § 1201(a)(1). Even if the court had the authority to reduce Sellers' kidnapping resulting in death sentence, it is difficult to make apple-to-apples sentencing comparisons. *See United States v. Rivera-Santana*, 668 F.3d 95, 105

16

(4th Cir. 2012) ("Courts have repeatedly made clear that comparisons of sentences may be treacherous because each sentencing proceeding is inescapably individualized."). Nevertheless, the court is aware of no unwarranted sentencing disparities with regard to Sellers' life sentence and other similarly-situated individuals.

The court must balance Sellers' positive steps while incarcerated with his horrific criminal conduct and the other § 3553(a) factors. The court has weighed the sentencing factors and finds that the remaining sentencing factors, particularly the need to protect the public, the need to promote respect for the law, and the nature and circumstances of the offense weigh against a sentence reduction at this time. Thus, the court denies Sellers' motion for a sentence reduction. Sellers' current sentence remains sufficient but not greater than necessary to comply with the purposes of the § 3553(a) factors.

## IV.    CONCLUSION

For the reasons stated above, Sellers' motion for a sentence reduction (ECF No. 196) is **DENIED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 29, 2024
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.